UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LARRY M. WHITTAKER,

    Plaintiff

v.

STATE OF NEVADA, et. al.,

    Defendants

Case No.: 3:18-cv-00488-MMD-WGC

**Order**

Re: ECF No. 28

    The court screened Plaintiff's complaint and allowed him to proceed with claims against defendants Dzurenda, Ward, Henley, Flamm, Conolly, Alishio, Fonsaka, Haines, Peterman, House, Sandoval, Moore, Schmidt, Barrowman and Filson. (ECF No. 3.)

    The Attorney General's Office accepted service and filed an answer on behalf of John Allisho, John Barrowman, Shelly Conlin (identified by Plaintiff as Conolly), Michael Flamm, John Henley, William Moore, Taneesha Sandoval, Daniel Schmidt, James Dzurenda, Brian Ward and Timothy Filson. (ECF Nos. 10, 15.)

    In the notice of acceptance of service, the Attorney General's Office said it was unable to locate a Fonsaka or Haines, but did not address Peterman or House. (ECF No. 10.) Plaintiff filed a motion to identify Fonsaka and Haines. (ECF No. 21.) The court ordered the Attorney General's Office undertake efforts to identify these defendants. (ECF No. 22.)

    Judge Du issued a notice of intent to dismiss Peterman, House, Fonsaka and Haines, giving Plaintiff until July 1, 2020, to serve these defendants or show good cause as to why they had not been served. (ECF No. 28.)

1       Plaintiff then filed a notice of meet and confer regarding the unidentified defendants. (ECF No. 29.) The court directed Deputy Attorney General Olsen to coordinate a conference with Plaintiff regarding the identity of these defendants and file a report. (ECF No. 30.) A report was filed identifying defendant Officer Jesse Haines and former Officer Moises Fonseca (erroneously identified by Plaintiff as Fonsaka). The Attorney General's Office indicated that it would represent Haines, but Fonseca was a former employee and they had not established contact. (ECF No. 36.) The last known address for Fonseca was filed under seal. (ECF No. 38.) The court issued a summons for Fonseca. (ECF No. 41.)

      Plaintiff also filed a motion for the U.S. Marshal to serve defendant Kate House. (ECF No. 32.) The court directed the Attorney General's Office to indicate whether it could accept service for Kate House, and if not, to file her last known address under seal. (ECF No. 47.) The Attorney General's Office filed a notice indicating they could not accept service for Kate House (ECF No. 48), and filed her last known address under seal (ECF No. 49). The court issued a summons for Kate House on July 13, 2020. (ECF No. 53.)

      The court will require the Attorney General's Office to file a notice indicating whether it will accept service on behalf of defendant Peterman, and if not, file his last known address under seal.

      In addition, the court will extend the deadline for Plaintiff to complete service as to the remaining defendants: Peterman, Fonseca and House.

**CONCLUSION**

The Attorney General's Office shall file a notice within **10 days** of the date of this Order indicating whether it will accept service on behalf of defendant Peterman, and if not, file the last known address for defendant Peterman under seal.

The deadline for Plaintiff to effectuate service as to defendants Peterman, Fonseca and House will be extended by **30 days** from the date of this Order. If Plaintiff does not effectuate service, or show good cause as to why service has not been completed, these defendants will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: August 7, 2020

_____
William G. Cobb
United States Magistrate Judge