UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LARRY M. WHITTAKER,<br><br>   Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>   Defendants. | Case No.: 3:18-cv-00488-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 99 |

Before the court is Defendant Kate House's Amended Motion to Set Aside Default (ECF No. 99). Defendant requests the court vacate the entry of the clerk's default entered on November 25, 2020 (ECF No. 90). To date, there has been no response filed by Plaintiff.

## **BACKGROUND**

On July 9, 2020, the Office of the Attorney General filed its Notice of Acceptance of Service stating "At this time, service is not accepted on behalf of Defendant Kate House who is a former employee of NDOC.  The last known address for this Defendant will be filed under seal." (ECF No. 48 at 2.)

On July 13, 2020, the court issued its order directing the Clerk to issue a summons for Defendant House and to deliver the same to the U.S. Marshal along with Defendant's sealed address. (ECF No. 52.)

On August 31, 2020, the U.S. Marshal returned the executed summons with the notation "I left the summons at the individual's resident or usual place of abode with D. Lane, a person of suitable age and discretion who resides there on 8-28-20." (ECF No. 61 at 2.)

On November 3, 2020, Plaintiff filed a Motion for Default Judgment against Defendant Kate House. (ECF No. 81.)

On November 25, 2020, the court held a hearing regarding Plaintiff's Motion for Default Judgment against Defendant House and stated:

> The court advises Mr. Whittaker in order to obtain a default judgment, Federal Rules of Civil Procedure 55 requires a two-step approach. The first is to obtain a default. Once the clerk enters a default, the party can then proceed with a motion for default judgment. The court makes the distinction to Mr. Whittaker to explain that a magistrate judge has the power to enter a default, but a district judge must enter a default judgment once a motion for default judgment is filed.
>
> Therefore, Plaintiff's Motion for Default Judgment against Defendant Kate House (ECF No. 81) is **granted in part and denied in part**. The clerk of the court is directed to enter a default against Kate House. Thereafter, Plaintiff may proceed with a default judgment against Ms. House. The court reminds Mr. Whittaker to comply with the Federal Rules of Civil Procedure 55(b) for the default judgment.

(ECF No. 89 at 2.)

Pursuant to the court's minutes (ECF No. 89), the Clerk of Court issued a Default as to Defendant House. (ECF No. 90.)

On December 3, 2020, Plaintiff filed a Motion for Default Judgment. (ECF No. 91.) That motion is currently pending.

On March 17, 2021, Defendant House filed a motion to set aside the 11/25/20 default. (ECF No. 97.) Defendant's motion was made and based on the State of Nevada's Rules of Civil Procedure and, primarily, Nevada substantive law on defaults and setting aside defaults.  An

2

argument was also made on behalf of Defendant House that she did not personally receive nor was derivatively aware of the service made by the U.S. Marshal in August 2020. (ECF No. 61.) However, no declaration was submitted by Defendant House attesting to this representation. The motion was denied without prejudice. (ECF No. 98.)

On March 21, 2021, Defendant filed another motion to set aside the default; the motion was properly made upon the Federal Rules of Civil Procedure and was accompanied by a declaration of Ms. House that she was not personally served with nor aware of the summons in this matter. (ECF No. 99.)

Defendant House requests the court set aside the clerk's default because "Whittaker's motion for default failed to satisfy Federal Rule of Civil Procedure (Fed. R. Civ. Proc.) 55's requirement regarding default judgment against state employees.[1] Accordingly, Defendant House argues this court should set aside the clerk's default judgment against House." (ECF No. 99 at 2.)

As noted above, no responsive memorandum was filed by Plaintiff.

**DISCUSSION**

The court may set aside an entry of default or default judgment for good cause. Fed. R. Civ. P. 55(c). Defaults are disfavored by the courts, since defaults are inconsistent with the federal court's preference for resolving disputes on the merits. *Moreno v. LG Elecs. USA, Inc.,* 800 F. 3d 692, 698 (5th Cir. 2015); *United States v. Signed Personal Check No. 730 of Yurban S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).

The court should look at three factors when determining to set aside default: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default;

---

[1] Defendants also note Plaintiff failed to sign his filing.

3

(2) whether it has a meritorious defense; or (3) prejudice to the other party. *Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d at 1091 (9th Cir. 2010). Satisfaction of any of the three factors will justify the setting aside of a default. *Brandt v. American Bankers Insurance Co. of Florida*, 653 F. 3d 1108, 1111 (9th Cir 2011).

As to the first factor, a defendant engages in culpable conduct when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis original) (citations and internal quotation marks omitted), *overruled in part on other grounds in Egelhoff v. Efelhoff ex rel. Breiner*, 532 U.S. 141 (2000); *Signed Pers. Check No. 730,* 615 F. 3d at 1092. The House declaration states that a non-related household resident received the summons, that she did not live at the address where service was accepted full time and was not living there on August 28, 2020. (ECF No. 99 at 2, 3.) The court concludes she is not guilty of culpable conduct.

As to the second factor, i.e., whether the defendant has a meritorious defense, the burden is not heavy. Instead, it is minimal, and the facts alleged by the defendant, if true, must constitute a defense." *TCI*, 244 F3d at 700. Clearly other Defendants have been actively defending those same claims wherein House is alleged to have violated Plaintiff's civil rights (she is one of the ten Defendants named in Plaintiff's complaint in Count 1). (ECF No. 3 at 12.)

The last factor is whether the plaintiff can demonstrate prejudice to the plaintiff if the default is set aside. Plaintiff did not file a response to Defendant's renewed motion, and, therefore, Plaintiff has failed to make the court aware of any prejudice Plaintiff may claim if the default were to be set aside. A finding of prejudice to the nonmoving party requires more than a simple delay in resolution of the case. *TCI*, 244 F.3d at 701. "[M]erely being forced to litigate on the merits

cannot be considered prejudicial for purposes of lifting a default judgment[.]" *TCI*, 244 F.3d at 701. The standard is whether the plaintiff's "ability to pursue his claim will be hindered." *Falk v. Allen* 739 F.2d 461, 463 (9th Cir. 1984).

"'The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.'" *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)). "'Where timely relief is sought from a default … and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.'" *Id*. (quoting *Mendoza*, 783 F.2d at 945-46). Because of the preference for deciding cases on the merits whenever possible, motions for relief from default entries should be viewed liberally. *See Falk, supra,* 739 F.2d at 463 (9th Cir. 1984). All doubts should be resolved in favor of the party seeking relief. *See, e.g., Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

## **CONCLUSION**

Defendant Kate House's Motion to Set Aside Default (ECF No. 99) is **GRANTED**. A default is a prerequisite to the entry of a default *judgment, Giddens v. Lawson*, 734 Fed Appx. 706, 711 (11th Cir. 2018); *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Because the default against Defendant House has been set aside, Plaintiff is not entitled to a default *judgment* against House. Therefore, Plaintiff's Motion for Default Judgment against House (ECF No. 91) is **DENIED**.

Defendant House shall have **fifteen (15) days** from the date of this order in which to file a responsive pleading to Plaintiff's Complaint (ECF No. 4).

/ / /

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to the court's order within fourteen (14) days after service of the order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

Dated: April 13, 2021.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE